******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CALVIN KING *v.* COMMISSIONER OF CORRECTION
(AC 36952)

DiPentima, C. J., and Mullins and Norcott, Js.

*Argued September 21—officially released November 10, 2015*

(Appeal from Superior Court, judicial district of
Hartford, Lobo, J.)

*Vishal K. Garg*, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's
attorney, and *Tamara A. Grosso*, assistant state's attor-
ney, for the appellee (respondent).

*Opinion*

PER CURIAM. This is an appeal from the judgment of the habeas court denying a petition for a writ of habeas corpus in which the petitioner, Calvin King, claimed, inter alia, that his conviction of murder, conspiracy to commit murder, and carrying a pistol or revolver without a permit were obtained as the result of ineffective assistance of counsel. On appeal, the petitioner claims that the habeas court erred by finding that (1) his attorney's failure to impeach the testimony of a witness, Annabelle Trimmier, with a prior inconsistent statement and with the testimony of her nephew, Frankie Santana Trimmier, did not constitute ineffective assistance of counsel; and (2) the failure of the petitioner's attorney to call Frankie Santana Trimmier as a witness to impeach the testimony of Negus Jones did not constitute ineffective assistance of counsel.

After careful review of the record and briefs, we conclude that the petitioner's claims are without merit. As the opinion of the habeas court persuasively articulates, the petitioner's counsel had sound, strategic reasons for not impeaching Annabelle Trimmier's trial testimony with her statement in the probable cause hearing. We will not revisit those reasons here. See *Antonio A.* v. *Commissioner of Correction*, 148 Conn. App. 825, 832, 87 A.3d 600, cert. denied, 312 Conn. 901, 91 A.2d 907 (2014). Counsel's failure to call Frankie Santana Trimmier to impeach the testimony of Annabelle Trimmier and Jones similarly was strategic in nature. See *Toccaline* v. *Commissioner of Correction*, 80 Conn. App. 792, 817, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413, cert. denied sub nom. *Toccaline* v. *Lantz*, 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004).

The judgment is affirmed.